THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PAUL FELICIANO and ERNESTO GONZALEZ, Respondents, and CARLOS SANTANA, Defendant.— Appeal by the People (1) from an order of the Supreme Court, Kings County, entered October 22, 1971, which dismissed the indictment as to defendant Feliciano, and, (2) as limited by the People's brief, from so much of a further order of the same court, dated February 9, 1972, as dismissed the indictment as to defendant Gonzalez and again dismissed it as to defendant Feliciano. Order of October 22, 1971 affirmed and order of February 9, 1972 affirmed insofar as appealed from. No opinion. Rabin, P. J., Martuscello and Latham, JJ., concur; Hopkins and Benjamin, JJ., dissent and vote to reverse and to reinstate the indictment as to defendants Feliciano and Gonzalez, with the following memorandum: Respondents Feliciano and Gonzalez, together with one Santana, were indicted for possession of narcotics (marijuana) in the third degree. The indictment was thereafter dismissed as to Feliciano and Gonzalez on the ground that, as to them, the proof before the Grand Jury was insufficient to support the charge in the indictment or any lesser included offense. The People have appealed. The only witness before the Grand Jury was one McCabe, a U. S. Customs Investigator. He testified that he received a tip from an informant that a quantity of marijuana would be brought ashore from a ship berthed at Pier 3, Brooklyn; that he and three other customs officers, with two unmarked radio cars, stationed themselves near Pier 3; that at about 4:00 A.M. he saw a man (later identified as Santana) coming from the vicinity of the berthed ship, carrying a large plastic garbage liner; that the man was crouched and heading for the fence enclosing the pier; that he (the witness) radioed to the other car that "Our man is heading out this way"; that the man noticed the witness' car and started to run towards the fence, followed by the witness and a fellow officer; that the man threw the garbage liner over the fence, climbed over the fence and started to run away, leaving the garbage liner on the ground near the fence; that, as the man was running away, a car which had been parked nearby with two men in it (later identified as respondents Feliciano and Gonzalez) started up and headed for the running man; that the man got into the back of the car, but before it could get away it was cut off by the other customs officers' car, and the officers, with drawn guns, apprehended the three men in it; and that the garbage liner was then retrieved and, when examined, found to contain about 10 pounds of marijuana. On this evidence, we believe the dismissal of the indictment was erroneous. First, a reasonable inference from the foregoing testimony is that Feliciano and Gonzalez were accessories or accomplices of Santana, since they were operating the get-away car; and as accessories or accomplices they were principals, along with Santana, in the commission of the crime of possessing narcotics (see Penal Law, § 20.00). Second, CPL 210.20 (subd. 1, par. [b]) provides that an indictment shall not be dismissed because of insufficient evidence to make out the offense charged in the indictment, if the evidence is sufficient to establish, prima facie, any lesser included offense. It seems plain to us that the above-detailed evidence at least makes out a prima facie case of an attempt by Feliciano and Gonzalez to commit the crime of knowing, unlawful possession of marijuana and that clearly would be a lesser included offense. And the evidence certainly would be sufficient, prima facie, to support a conviction of Feliciano and Gonzalez for the crime of facilitation in the second degree, which does not even require proof of an actual intent to commit the crime itself (see Penal Law, § 115.00; Practice Commentary thereon in

McKinney's Cons. Laws of N. Y., Book 39, Penal Law [2d vol.], p. 189); and that crime, too, we think is a lesser included offense. In short, we believe that the evidence before the Grand Jury was sufficient, prima facie, to establish that respondents were accessories or accomplices of Santana (hence, principals) in the commission of the crime charged in the indictment; or that they had committed the lesser included crime of an attempt to commit the crime charged in the indictment; or, at the very least, that they had committed the lesser included crime of criminal facilitation.